STATE v. ANGELO REITZ.

*Evidence—Alibi—Identification of Tracks—Hearsay—Declarations.*

1. Whether an *alibi* is proved by a defendant on trial for a criminal offence is a question for the jury—to be weighed by them in connection with the whole testimony—and if shown to their full satisfaction, it is a good defence.

2. It is not necessary that a witness should be an expert to testify as to the identification of tracks; but where the witness gives reasons for believing the tracks described to be those of the accused, the whole of his testimony should go to the jury for them to say whether the grounds of his opinion are satisfactory.

3. Hearsay testimony of the existence of a mob is not admissible.

4. Declarations of a prisoner made to the officer after his arrest, but not in reply to any charge made against him, were offered by him and ruled out by the court; *Held* no error.

(*State* v. *Brandon*, 8 Jones, 463; *State* v. *Scott*, 1 Hawks, 24, cited and approved.)

INDICTMENT for burning a barn tried at Spring Term, 1880, of RUTHERFORD Superior Court, before *McKoy, J.*

The defendant was indicted for burning a barn. The evidence against him was circumstantial and he relied for his defence upon an *alibi*.

His Honor charged the jury in regard to an *alibi*, that if proved and established by testimony, it was the most complete and satisfactory defence that could be made; that when not complete, it could not avail the defendant. Whether an *alibi* is proved is a question for the jury. It is the duty of the jury to weigh the whole testimony, and if there is a reasonable doubt as to the guilt of the defendant, it is the duty of the jury to acquit. The state, before it can ask for a verdict of guilty, must offer to the jury such evidence as will fully satisfy the minds of the jury of the guilt of the defendant.

Exception was taken to the charge of His Honor, so far as it relates to the defence of an *alibi*, and some other exceptions were taken to the admission and rejection of testimony, as set out in the opinion of this court. There was a verdict of guilty and judgment from which the defendant appealed.

*Attorney General*, for the State.
*Mr. J. C. L. Harris*, for defendant.

ASHE, J. We suppose the exception to the charge was to that part which stated that when an *alibi* is not complete it cannot avail the defendant. We see no error in this, for the evidence offered against the defendant was circumstantial and must have raised a strong presumption of his guilt, or he would not have been driven to the defence of an *alibi*. If the proof was of such a character as to raise a violent presumption it would behoove the defendant to make proof of his *alibi* to the full satisfaction of the jury, and that is what we understand is meant by making *complete proof* of the fact, and so we think the jury must have understood it, as His Honor qualified the expression by proceeding to say—" whether an *alibi* is proved is a question for the jury. It is the duty of the jury to weigh the whole testimony, and if there is a reasonable doubt as to the guilt of the prisoner it is the duty of the jury to acquit." There is nothing in the charge that was calculated to mislead or prejudice the minds of the jury.

The first exception to the admissibility of evidence was to the admission of the testimony of a witness, who testified it was his best opinion that certain tracks found near the site of the burnt building were those of the prisoner. The reception of this evidence was objected to on the ground that the witness was not an expert. It is not necessary that a witness should be an expert to testify as to the identification of tracks. The correspondence between boots and foot-

prints is a matter requiring no peculiar knowledge to judge of, and as to which any person who has seen both may testify. *Commonwealth* v. *Pike*, 103 Mass., 446. His testimony in such a case can amount to nothing more than his opinion as to the correspondence.

Though the opinions of witnesses are in general not evidence, yet on certain subjects some classes of witnesses, as for instance experts, may express their opinions; and on certain other subjects any competent witness may express his opinion or belief. It is competent for a witness to express his opinion as to the hand-writing of a party or as to the identity of a person. 1 Greenleaf on Evidence, § 440. And if it be competent for him to give his opinion as to the identity of a person, we can see no reason why he may not give it as to the identity of his foot-prints. Such evidence of course would have more or less weight with a jury accordingly as the witness had had the means and opportunities of forming an acquaintance with the tracks of the defendant. In the case of the *State of Kansas* v. *Holwel*, 14 Kan., 105, where on a trial for larceny it became necessary to ascertain whether the wagon of the defendant had made certain tracks, the court admitted the testimony of a witness who testified that in his opinion they were the tracks of the defendant's wagon; but in that case the witness testified that he had examined the wagon, observed the peculiarities of the running gear and had measured the tracks.

In our case the witness who was permitted to testify, that in his opinion the tracks referred to were those of the defendant, as the ground for his belief, stated that the defendant had lived with him three or four weeks and worn an old pair of boots of his, and had twisted them so the witness could not wear them. The track was peculiar. "The left foot was the largest; the upper leather ran over the sole leather, and made a sort of mashing track."

The bare opinion of a witness as to the identity of the

tracks should have no weight with a jury; but when the witness gives his reasons for entertaining the opinion, the whole of the testimony should be allowed to go to the jury, for them to say whether the grounds of the opinion are reasonable and satisfactory.

The next exception is to the reception of hearsay testimony as to the existence of a mob. This is not one of the cases where hearsay testimony is admissible.

The last exception was to the ruling out the declarations of the defendant, made to the officer after his arrest, which were not in reply to any charge made upon him. The declarations were clearly inadmissible. *State* v. *Brandon*, 8 Jones, 473; *State* v. *Scott*, 1 Hawks, 24.

There is no error. Let this be certified to the superior court of Rutherford county, that further proceedings may be had according to this opinion and the law.

PER CURIAM. No error.