# Hodge v. The State.

*Indictment for Murder.*

1. *Circumstantial evidence; dogs trained to follow human tracks.*—When a dog trained to follow human tracks, is, a short time after the commission of a homicide, put upon the trail of a person suspected of the crime, and follows it to the house of the defendant, this fact may be given in evidence, along with the evidence of several witnesses that the tracks found at the scene of the homicide were followed and identified along the precise route traced by the dog, up to the house of the defendant, where he was shown to have been that night, after the killing, as a circumstance, along with all the other evidence, tending to connect the defendant with the crime.

FROM the Circuit Court of Escambia.

Tried before the Hon. JOHN R. TYSON.

The appellant was tried at the Spring Term 1893, upon an indictment charging him with the murder of Rose Stanback. At the trial it was shown by witnesses for the State that a number of persons went to the house of Rose Stanback immediately after she was shot and killed; that they saw shot holes in the door steps where she was lying, and determined from them the direction the shot were fired; that near the

[Hodge v. The State.]

rear of a store-house, in that direction, were found the tracks of a human being; that they were peculiar, and easily identified wherever seen; that a dog trained to follow human tracks, was put upon these tracks and was followed by a number of persons; that this dog trailed these tracks across the railroad and over the street up to the house of the defendant; that these were shoe tracks; that when the defendant was soon afterwards captured he had on shoes that made tracks precisely corresponding to those traced by the dog on the night of the murder, from Rose Stanback's house. Another witness for the State testified that she lived near where Rose Stanback lived, and that an hour or two before she was killed, she, witness, had seen the defendant in the street near Rose's house. Several witnesses testified that they had heard the defendant say a few days before the killing, that Rose Stanback was a witness in a case against him, but that she should never live to go into a court house to swear against him. It was further shown by the State that an indictment was then pending in the Circuit Court of Escambia against the defendant, for grand larceny, and that Rose Stanback had been subpœnaed as a witness for the State. A double barrelled gun was found concealed in the house of the defendant, one barrel of which was loaded, and the other empty. Upon the load being drawn from the gun the wadding and shot corresponded with the wadding and shot found at the house of Rose, at the time of her death. This gun, the defendant at one time admitted was his, but in his statement at the trial, denied that it was his.

The defendant's counsel objected to the evidence given by the witness in regard to tracing the tracks with a trained dog. The court overruled the objection, and allowed the evidence to go to the jury. To this ruling of the court the defendant excepted.

WM. L. MARTIN, Attorney-General, for the State.—[No briefs came into the hands of the Reporter.]

McCLELLAN, J.—It is common knowledge that dogs may be trained to follow the tracks of a human being with considerable certainty and accuracy. The evidence in this case showed that a dog thus trained was within a very short time after the homicide put upon the tracks of the person toward whom all the circumstances strongly pointed as the guilty agent, and that the dog as if following these tracks or "trailing" went to the house of the defendant. It was also in evidence, by several witnesses, that the tracks found at the

scene of the homicide were followed by them thence to the house of the defendant, being measured at various points along the route, and otherwise, at each of such points, identified as being made by the same shoes as were the tracks at the place of the murder; and that the route thus traced by them was precisely that taken by the dog throughout. On this state of case, we are of the opinion that the fact that the dog, trained to track men as shown in the testimony was put on the tracks at the scene of the homicide and, "taking the trail" so to speak, went thence to defendant's house, where he, the defendant, is shown to have been that night after the killing, was competent to go to the jury for consideration by them, in connection with all the other evidence, as a circumstance tending to connect the defendant with the crime; and, of consequence that the court committed no error in refusing to exclude it.

The ruling of the court on this point is the subject-matter of the only exception reserved. This being without merit, the judgment must be affirmed; and as affirmed, the sheriff of Escambia county will execute the sentence of death imposed thereunder as prescribed by law, on Friday, July 7th, 1893.

Affirmed.