### STATE v. THOMAS HUNTER.

(Filed February 19, 1907).

*Indictment—Sufficiency of Evidence—Discretion of Trial Judge—Mistrial—Continuance—Corroborative Evidence —Bloodhounds.*

1. Evidence that defendant made a peculiar footprint, which was identified in soft ground in the morning following the burning of a house, being plain and distinct and leading off from the place, and that defendant's shoes fitted the tracks, and that he denied burning the house before he was accused, was sufficient to go to the jury.

2. Evidence that a bloodhound, well trained to track human beings and nothing else, and often used for the purpose, was put upon the tracks of the defendant and followed them until the defendant was "treed," is sufficient to go to the jury as corroborative.

3. It is in the discretion of the trial Judge to grant or refuse a mistrial and continuance, and his action is not reviewable.

CRIMINAL ACTION, tried before *Neal, J.,* and a jury, Fall Term, 1906, Superior Court of GATES County. Relevant evidence is stated in the opinion of the Court.

*Attorney-General* and *W. M. Bond* for the State.
*L. L. Smith* and *Aydlett & Ehringhaus* for defendant.

CLARK, C. J.   Indictment for feloniously burning a store-house in the night-time.   There was evidence that the ground behind the storehouse was soft and had been freshly plowed, and witness testified that next morning the prisoner's tracks were found there, leading off from the storehouse; that he had known prisoner all his life, and that the prisoner made a peculiar track; that having had white swelling when a boy, the prisoner's left leg was two or three inches shorter than the other; that this made him walk on his left toes, the heel of that foot not touching the ground unless that foot went very deep into the ground; that he knew prisoner's track well, and that these were his tracks; that no one else in that neighbor-hood made such tracks; that these tracks were plain and distinct; that they led up behind the gin-house so that the person making them was screened from the dwelling-house, and led again off to the road which went to the prisoner's house.   Another witness testified that he carried his blood-hound there the afternoon succeeding the fire; that the tracks were peculiar (and such as were described by first witness); that his dog is a clear-blooded English bloodhound, well trained to track human beings; he had often used him for that purpose, and that the dog will track nothing else; that he put the dog on these tracks; that the dog followed them through the field and across the road, when he seemed to catch the scent of something in the air, whereupon he broke off through the woods, and when witness got up with the dog he had treed prisoner up a dogwood tree.   That the prisoner said to witness, "What dodes this mean? I didn't do it."   That they took off prisoner's shoes, and they fitted the tracks exactly.

There was evidence for prisoner and by him and evidence that his character was bad; but it is unnecessary to state prisoner's evidence, as the jury found for the State, and the exceptions are (1) the admission of any evidence of the

conduct of the dog; (2) the refusal of a mistrial and a continuance that the prisoner might obtain other evidence; (3) the refusal.to charge that there was no evidence to go to the jury; (4) that though the Court gave the prisoner's prayer that "the acts and doings of the dog are not evidence upon which you can rely as substantive evidence upon which you can convict the prisoner," the Court added, "but are circumstances in corroboration of the State's testimony as to tracks. *State v. Moore,* 129 N. C., 498."

There was no error. 1. The conduct of the dog was competent evidence. Underhill Cr. Ev., p. 438, n. 5; 1 Wigmore Ev., sec. 177 (2); *Hodges v. State,* 98 Ala., 10; *Simpson v. State,* 111 Ala., 6; *Pedigo v. Commonwealth,* 103 Ky., 41; *State v. Hall,* 3 Ohio N. P., 125. In the present case the requirement of other proof of the tracks being those of the prisoner, as stated in *State v. Moore,* 129 N. C., 502, was complied with. It is common knowledge that trained bloodhounds can follow the scent .of a human track under such circumstances as here stated. The sense of smell in such animals is abnormally acute and their conduct is at least sufficient as corroborative evidence to be submitted to a jury. Such animals are used by the State to track escaping convicts, and this has never been deemed illegal. Within the range of their intelligence the conduct of animals has always been deemed worthy of. consideration. Among many instances, Lord Campbell in his life of Sir Thomas More (2 Lives of Lord Chancellors, 37) quotes that of the beggar-woman's little dog, which having been bought by his wife of a thief, the Lord Chancellor allowed the beggar-woman to prove her property by the dog's recognition of her. Then there is the classical incident of Ulysses, on his return from his memorable wanderings, being. recognized by his dog Argos (who died from joy), when his family and his followers knew him not. There is the more modern incident of Aubry's dog

143—39

of Montargis, who procured the confession of his master's murderer by his recognition of him.   And there are many other incidents that can be readily recalled.   A trial is a search after truth, and the law rejects no evidence, however humble, which in common knowledge may be a guide to a successful search.   The evidence will always be submitted to the jury unless too remote to be of any probable assistance.

2. The refusal of a mistrial and continuance after the evidence was all in rested in the sound discretion of his Honor, and is not reviewable.

3. His Honor properly refused to withdraw the case from the jury.   Independent of the corroborative evidence from the trailing by the dog, the evidence as to the identity of the tracks was before the jury.   Underhill Cr. Ev., sec. 374; *State v. Graham,* 74 N. C., 649; *State v. Reilz,* 83 N. C., 636; *State v. Daniels,* 134 N. C., 655.   There was also the remark of the prisoner, when found up the tree, denying the crime, though he had not been charged with it.

4. The amendment of the prayer by adding that the trailing of the dog, though not substantive evidence, was corroborative, was in accord with what was said in *State v. Moore,* 129 N. C., 498.

No Error.