STATE v. CHARLES F. TAYLOR.

(Filed 15 May, 1912.)

1. Barn Burning—Bad Blood—Intent—Evidence Sufficient.

Evidence in this case held sufficient to sustain a verdict against the defendant for burning the prosecutor's barn in violation of the statute, which tended to show that there was bad blood between the prosecutor and the defendant; that a few nights after the defendant had tried to induce a witness to burn the barn, the barn was destroyed by fire; that on the night of the fire the prisoner induced the witness to stay with him, and the next morning tracks were found showing the size and certain peculiarities of the witness's shoes, leading by a devious route from the defendant's house to the prosecutor's barn; that the witness did not make them, and the shoes themselves indicating that some one had worn them during the night.

**2. Same — Foot Tracks — Identity — Illustrations — Instructions — Harmless Error.**

When there is circumstantial evidence that the prisoner, indicted for burning the prosecutor's barn, had committed the deed, and which, among other things, tended to show that during the night he had used the shoes of a witness for the purpose of going there, the State contending that the shoes were too small for the prisoner and that he could have worn them by mashing down the vamps, it is not held for error that the solicitor exhibited the shoes to the jury, which were not put in evidence, by way of illustration, the court instructing the solicitor to proceed no further, and the jury to confine their consideration of the shoes to that of illustration only.

APPEAL by defendant from *Justice, J.,* at March Term, 1912, of BURKE.

The facts are sufficiently stated in the opinion of the Court by *Mr. Chief Justice Clark.*

*Attorney-General Bickett and Assistant Attorney-General Calvert for the State.*

*Spainhour & Mull for defendant.*

CLARK, C. J. This was an indictment for burning a barn. The first exception is to the refusal of the court to charge the jury that the evidence was not sufficient to warrant a conviction and to return a verdict of not guilty. Upon this prayer we can consider only the evidence most favorable to the State.

There was evidence that the defendant lived about one mile from the prosecutor; that there was bad blood between them; that the prosecutor, who was the owner of the burnt barn, had reported the defendant for running a blockade still; that the defendant had endeavored to get the witness Blue to hide on the roadside and shoot the prosecutor, and a few days before the barn was burnt had endeavored to get said Blue to burn the barn; that the barn was burned one night in November, and that on that night, when the witness Blue, who was visiting at defendant's house, started to leave, the defendant insisted on his staying all night, promising him fried chicken and liquor for breakfast; that Blue when he went to bed left his shoes in a corner of the next room; that the next morning he found his

shoes in the middle of the room, wet, muddy, the vamps mashed down and the strings broken; that the next morning tracks corresponding to Blue's shoes were found leading by a devious route to the barn from defendant's house and going back to defendant's house; that Blue's shoes had an iron on heel and the toe of the right foot pointed in; that these peculiarities showed in the tracks found; that Blue's shoes were too small for defendant, and that the next day the defendant was limping and said he had a sprained ankle.

We think that the above evidence was sufficient to submit the case to the jury. *S. v. Hunter,* 143 N. C., 610; *S. v. Daniels,* 134 N. C., 655.

The theory of the State was that the defendant had used Blue's shoes, which, being too small for him, he had used by mashing down the vamps. The solicitor, in his argument, contended that when shoes are too small for a man he can wear them by mashing down the vamps, and exhibited shoes with the vamps thus mashed down, stating that he did this for illustration and that the shoes were not in evidence. On objection by the defendant, the court told the solicitor not to proceed further along that line, and said to the jury that the solicitor was only illustrating his argument, and that the shoes were not in evidence. We cannot perceive how the defendant was prejudiced thereby.

No error.