STATE v. S. S. BURNEY.

(Filed 2 April, 1913.)

1. Criminal Law—Motion for Continuance—Discretion of Court—Appeal and Error.

Where a motion for a continuance of the trial of a criminal offense is made by the defendant upon the ground that he is not prepared for trial, and refused, the refusal is within the discretion of the trial judge, and not reviewable on appeal except where it appears that this discretion has been abused.

S. *v.* Burney.

2. **Criminal Law—Jurors—Challenge After Passing Juror—Discretion of Court—Appeal and Error.**
 It is within the sound discretion of the trial judge to allow the solicitor, in a criminal case, to challenge a juror for cause and stand him aside, after he had once passed the juror and before the jury had been sworn in or impaneled; and his action therein is not reviewable on appeal.

Appeal by defendant from *Bragaw, J.,* at September Term, 1912, of Brunswick.

Indictment for selling liquor. The defendant was convicted, and appealed.

*Attorney-General Bickett and Assistant Attorney-General Calvert for the State.*
*C. Ed. Taylor for defendant.*

Brown, J. The case on appeal states: "The bill of indictment was returned by the grand jury at September Term, 1912, and defendant moved for a continuance upon the ground that he was not ready to go to trial. The solicitor for the State opposed the motion for continuance, and after hearing argument for both sides, the motion for continuance was denied, and defendant excepted."

A motion for a continuance is a matter in the discretion of the trial court. *S. v. Hunter,* 143 N. C., 607; *S. v. Sultan,* 142 N. C., 569; *S. v. Pankney,* 104 N. C., 840; *S. v. Scott,* 80 N. C., 356.

The ruling is not reviewable except where there has been an abuse of discretion. *S. v. Lindsey,* 78 N. C., 499.

No abuse of discretion is shown by the record. Nothing appears but the fact that the motion was made, argument was heard, and the motion denied.

The defendant assigns error in that the court permitted the solicitor to challenge Juror Smith for cause.

The facts are that before the jury was sworn or impaneled, and after the juror had been once passed, the solicitor asked permission to challenge the juror for cause, which was allowed. The juror was stood aside for cause. Defendant excepted.

S. *v.* WHITE.

This was a matter within the sound discretion of the trial judge, and is not reviewable. *S. v. Vick,* 132 N. C., 995, and cases cited.

No error.