State v. Bradley

STATE OF NORTH CAROLINA v. EMERY A. BRADLEY

No. 8327SC58

(Filed 6 March 1984)

1. Criminal Law § 112.7— requested instruction on alibi—harmless error in failure to give

The trial court erred in failing to give defendant's requested instruction that "if, upon considering all the evidence with respect to alibi, you have a reasonable doubt as to the defendant's presence at or participation in the crime charged, you must find him not guilty," but such error was not prejudicial to defendant where the trial court adequately instructed the jury on the defendant's contention that he was present at his home at all times during the perpetration of the robbery in question and made it clear that the burden remained on the State, when all the evidence was considered, to prove each element of the offense beyond a reasonable doubt.

2. Criminal Law § 112.7— confusing instructions on State's theory and alibi—no prejudicial error

Although there was potential confusion from the court's placement of a detailed statement of the State's theory that defendant planned and procured a robbery but had left the scene before the robbery was committed in the middle of an instruction on the legal effect of alibi evidence, which included the words "even if defendant was not at the scene when the events occurred," any possible prejudice to defendant was neutralized when the court, in stating defendant's contentions, made it clear that defendant relied on alibi evidence and contended that he was at his home until after the time of the robbery and took no part in either the planning or the commission of the robbery.

3. Criminal Law § 163— failure to object to instructions—no plain error

The trial court's summary of the State's evidence in an armed robbery case and its instructions on the element of intent permanently to deprive the victim of the property did not constitute "plain error" which would require a new trial despite defense counsel's failure to lodge a contemporaneous objection at trial. App. R. 10(b)(2).

4. Criminal Law § 102.10— jury argument—no prejudicial error

The prosecutor's jury argument in a robbery case concerning defendant's regular receipt of shoplifted goods was not prejudicial error, notwithstanding the court had suppressed defendant's statement relating thereto, where defendant failed to object to the argument, and where defense counsel first brought up the matter, apparently realizing that defendant's activities could easily be inferred from other admissible evidence.

APPEAL by defendant from *Saunders, Judge.* Judgment entered 10 September 1982 in Superior Court, GASTON County. Heard in the Court of Appeals 28 September 1983.

Defendant was tried on a single indictment for armed robbery. The State's evidence tended to show the following: Robert Shaw, Wade Henderson and defendant, Emery Bradley, were acquaintances. On 30 April 1982, defendant picked up Shaw and Henderson and drove them from Charlotte to a shopping mall in Gastonia. There he talked with Shaw and Henderson about making some money. Defendant supplied them with pistols and pillow cases and told them he would shoot them if they did not rob a jewelry store in the mall. After showing Shaw and Henderson where he would wait for them, defendant dropped them off. Shaw and Henderson entered the store twice, committing an armed robbery the second time. Henderson escaped with some $48,000 worth of jewelry; Shaw ran the wrong way and arrived at the designated spot after the defendant had driven off. Police captured Shaw shortly thereafter, and arrested defendant three days later. A ring identified by the store owner as one exactly like the rings stolen from the store was found on the defendant's dresser at the time of his arrest.

Defendant did not testify but presented alibi evidence from his girlfriend and another who lived at his house that they had been at the house with defendant at the time of the commission of the crime and had not seen him leave. Defendant's girlfriend testified that Henderson had borrowed defendant's car and returned it several hours later.

The jury found defendant guilty, and he received a sentence of 14 years imprisonment. From the verdict and judgment imposed, defendant appeals.

*Attorney General Edmisten, by Assistant Attorney General Thomas G. Meacham, Jr., for the State.*

*Appellate Defender Adam Stein, by Assistant Appellate Defender Marc D. Towler, for defendant appellant.*

JOHNSON, Judge.

Defendant assigns error to the jury charge and to statements by the prosecutor in his argument to the jury.

[1] First, defendant assigns error to that portion of the charge regarding the defense of alibi. Defendant submitted a timely writ-

ten request for an instruction on alibi, however, the court's instruction was not a verbatim recitation of defendant's requested instruction. Defendant argues that the following portion of his requested instruction was omitted from the instruction actually given by the trial court and that this omission constitutes prejudicial error.

> The defendant's contention that he was not present and did not participate is simply a denial of facts essential to the State's case.

> Therefore, I charge that if, upon considering all the evidence with respect to alibi, you have a reasonable doubt as to the defendant's presence at or participation in the crime charged, you must find him not guilty.

In response to defendant's request for instruction, the trial court instructed the jury as follows:

> The defendant relies upon the defense of alibi. The defendant contends that he was at some other place at the time of the formulation of the plan to commit the robbery and at the time of the robbery. The word alibi simply means somewhere else. The burden of proving alibi does not rest upon the defendant. [T]o establish the defendant's guilt, [t]he State must prove beyond a reasonable doubt that the defendant counseled, commanded, or procured, or knowingly aided [Shaw and] Henderson in the commission of the armed robbery even if he was not at the scene when the events occurred. If the State fails to meet the burden, you shall find the defendant not guilty.

Defendant first argues that the trial court erred by omitting that portion of his requested instruction reprinted above and by substituting for it a detailed factual statement of what the State must nevertheless prove. Defendant contends that the omitted portion of the alibi instruction was critical since it is the portion which makes it clear to the jury that if the evidence with respect to alibi *considered together with all the other evidence* raises a reasonable doubt that defendant participated in the crime, he should be found not guilty. Further, that the placement of an instruction on the law arising on the State's evidence in the very middle of the instructions on the law arising on the defendant's

evidence had the practical effect of nullifying the effect of the alibi instruction.

When a defendant in apt time specifically requests an instruction on alibi evidence which has been introduced, he is entitled to such an instruction. *State v. Cox,* 296 N.C. 388, 250 S.E. 2d 259 (1979); *State v. Hunt,* 283 N.C. 617, 197 S.E. 2d 513 (1973). Moreover, in *State v. Hunt,* the Supreme Court stated that when an instruction as to the legal effect of alibi evidence is given, whether by the court of its own motion or in response to a request, such statement must be correct, and the substance of the alibi instruction must accord with that approved in *State v. Minton,* 234 N.C. 716, 726-27, 68 S.E. 2d 844, 851 (1952) and *State v. Spencer,* 256 N.C. 487, 489, 124 S.E. 2d 175, 177 (1962). The approved charge is as follows:

> An accused, who relies on an alibi, does not have the burden of proving it. It is incumbent upon the State to satisfy the jury beyond a reasonable doubt on the whole evidence that such accused is guilty. If the evidence of alibi, in connection with all the other testimony in the case, leaves the jury with a reasonable doubt of the guilt of the accused, the State fails to carry the burden of proof imposed upon it by law, and the accused is entitled to an acquittal.

"Alibi" is simply evidence contradictory of the State's evidence that defendant committed the alleged crime where *presence* is necessary for conviction. In such a case, evidence that defendant was at another place, if it raised a reasonable doubt in the minds of the jurors, would properly result in an acquittal under the reasonable doubt instruction. *State v. Hunt, supra* at 624, 197 S.E. 2d at 518. It is essential that the jury understand that a reasonable doubt may arise out of the defense testimony as well as the State's. *Id.* at 625, 197 S.E. 2d at 519. Hence, the approved instruction contains a statement substantially similar to the sentence omitted from the instructions request in this case, that "if, upon considering all the evidence with respect to alibi, you have a reasonable doubt as to the defendant's presence at or participation in the crime charged, you must find him not guilty."

We agree with defendant that he was entitled to the omitted portion of the alibi instruction, pursuant to his request, under *State v. Cox, supra* and *State v. Hunt, supra.* Furthermore, we

agree that the placement of a detailed statement of the State's theory that defendant was involved in the offense but had left the scene before the crime was committed, in the middle of an instruction as to the legal effect of alibi evidence, was potentially confusing to the jury. However, these errors cannot be considered prejudicial in this case.

With regard to the omitted sentence, the trial court had earlier in the charge adequately instructed the jury on the defendant's contentions that he was present at his home at all times during the perpetration of the robbery and that Henderson returned the defendant's car at some time later during the morning of the robbery and at that point gave defendant a ring. In addition, the trial court, in the course of the charge made it clear that the burden remained on the State, when all the evidence was considered, to prove each element of the offense beyond a reasonable doubt. In this respect, the charge read as a whole and construed contextually, contained no prejudicial error. *State v. Lee*, 277 N.C. 205, 176 S.E. 2d 765 (1970).

[2] Defendant's argument regarding the juxtaposition of an incomplete alibi instruction and a statement regarding the State's theory of aiding and abetting is more problematic. In a related argument, defendant contends that the trial court erred in the alibi instruction when it included the words "even if he was not at the scene when the events occurred" because there was no evidence to support a conviction on the theory that defendant was involved in the planning of the offense but was not actually or constructively present at the mall in Gastonia or in the vicinity thereof. Defendant contends that the statement suggested to the jury a theory not supported by any evidence, to wit: that defendant planned or procured the commission of the offense either sometime prior to the morning of 30 April 1982 or at the time defendant loaned the car to Shaw and Henderson while they were at his house that morning.

The record shows that Shaw, on direct examination, testified expressly that defendant and another man had in effect coerced him and Henderson into committing the robbery once they were all together in defendant's car approaching Gastonia. The defendant's evidence, on the other hand, showed that defendant was home in bed at the time according to Shaw, that the robbery was

allegedly *planned and perpetrated*, and that he had simply loaned his car to the perpetrators earlier that morning with no knowledge of their intentions. Therefore, it was crucial to the defense that the jury be adequately instructed as to the way in which defendant's alibi evidence tended to contradict the State's factual contention that defendant planned the robbery and procured Shaw and Henderson to perpetrate the crime while he was with them in Gastonia that morning.

It is evident that the alibi instruction was confusing on precisely this point, that is, the relation between the State's theory of aiding and abetting (that defendant planned and procured the crime while he drove the perpetrators to the mall and then left the scene) and the defendant's theory that he was not present when the crime was planned and committed. The confusion was created by the juxtaposition of the two theories in the course of incomplete instruction on the legal effect of alibi evidence, and compounded by the addition of the phrase, "even if [defendant] was not at the scene when the events occurred." In short, the instruction as given tends to undermine the thrust of the defense that defendant was "somewhere else."

Under G.S. 14-5.2 a defendant not actually or constructively present at the scene is guilty and punishable as a principal if it be shown that he counseled or procured or commanded the others to perpetrate the crime. Obviously, "at the scene" in this context would refer to defendant's not being at the jewelry store itself when Shaw and Henderson staged the robbery, nor waiting nearby with the car for them as he was supposed to be. In other words, "scene" would refer to the actual perpetration of the robbery. To that extent, the court's statement regarding defendant's whereabouts was not incorrect. However, under the facts of this case, the potential for confusing the jury was created by the fact that the jury could have understood the statement to refer to the defendant's contention that he was not present for the *planning* of the robbery either. In such a case, the defense of alibi would not be merely undermined, but rendered nugatory.

A close reading of the entire charge, contextually and not in isolated portions, however, leads to the conclusion that the potential for prejudice to defendant was effectively neutralized. The trial court, in stating the factual contentions of the defendant,

made it quite clear that defendant was relying upon the defense of alibi; contending that he was present at his home until after the time of the robbery; and that when Henderson returned the defendant's car on that morning after the robbery, he brought defendant a ring. Then, in the final mandate to the jury, the trial court instructed as to the several elements of the crime which the state must prove beyond a reasonable doubt. The court then instructed the jury:

> However, if you do not find or if you have a reasonable doubt as to one or more of these things, it would be your duty to return a verdict of not guilty.

Therefore, the unfortunate juxtaposition of instructions within the alibi portion of the charge cannot be considered to have prejudiced defendant.

**[3]** Next, defendant contends the trial court erroneously summarized the State's evidence and erred in its instructions on the element of "intent to permanently deprive the victim of the property." Defendant's objections to these portions of the charge are made for the first time on appeal. Therefore, defendant has failed properly to preserve these exceptions for review. Rule 10(b)(2) of the Rules of Appellate Procedure provides in part:

> No party may assign as error any portion of the jury charge or omission therefrom unless he objects thereto before the jury retires to consider its verdict, stating distinctly that to which he objects and the grounds of his objection; provided, that opportunity was given to the party to make the objections out of the hearing of the jury and, on request of any party, out of the presence of the jury.

In the present case, the record reveals that immediately after the court had concluded its instructions to the jury but before they retired to deliberate upon its verdict, defense counsel requested and was granted a conference at the bench, after which the court (apparently at defendant's request) gave additional instructions. Thus, defendant had ample opportunity to object to these portions of the charge to which he now complains. The Rules of Appellate Procedure are mandatory and preclude review of these assignments of error in the absence of error so fundamental that we would invoke the power under Rule 2 to sus-

pend the rules and consider these assignments of error. *State v. Fennell*, 307 N.C. 258, 297 S.E. 2d 393 (1982).

Defendant, however, contends that these alleged errors are so "fundamental" that a new trial is required despite defense counsel's failure to lodge a contemporaneous objection. We disagree. Nonetheless, we have reviewed the entire charge in considering defendant's first assignment of error and find no error so "plain" or "fundamental" as to require a new trial. We find that the trial judge's summary of the evidence was supported by substantial evidence, and that the trial judge's instruction sufficiently and properly apprised the jury of all elements of the crime.

[4] Defendant's final assignment of error regards statements by the prosecutor in his argument to the jury. The court had suppressed evidence that defendant had given a statement indicating that he regularly received shoplifted goods. Nevertheless, the prosecutor brought the matter up in argument. However, defendant again failed to object; "When counsel makes an improper remark in his argument to the jury, an exception must be taken before verdict or the alleged impropriety is waived." *State v. Morgan*, 299 N.C. 191, 207, 261 S.E. 2d 827, 837, *cert. denied*, 446 U.S. 986, 64 L.Ed. 2d 844, 100 S.Ct. 2971 (1980). Even if defendant had made a timely objection, the record indicates that he himself first brought the matter up, apparently realizing that defendant's activities could be easily inferred from other admissible evidence. In this context, we find no prejudice in the remarks, nor error in the court's failure to take action *ex mero motu. See State v. Taylor*, 289 N.C. 223, 221 S.E. 2d 359 (1976) (defendant might have "provoked" remarks).

We conclude that defendant received a fair trial, free from prejudicial error.

No error.

Judges BECTON and BRASWELL concur.