### STATE v. LEXIE MELTON.

(Filed 2 April, 1924.)

**1. Homicide—Murder—Evidence—Alibi—Instructions.**

> The defendant, charged with murder, introduced evidence of an *alibi* which was material to his defense. In his charge to the jury the judge did not refer to this evidence: *Held*, error. C. S., 564.

STACY, J., concurring.

APPEAL by defendant from *Cranmer, J.,* at January Term, 1924, of HOKE.

Criminal action. Defendant appealed from the judgment .pronounced on a conviction for manslaughter.

*Attorney-General Manning and Assistant Attorney-General Nash for the State.*
*Currie & Leach and W. H. Weatherspoon.for defendant.*

ADAMS, J. The defendant's evidence tended to show that on Saturday night, 20 August, 1921, Walter Smith, the deceased, went to the home of W. N. Brown, whose daughter was the defendant's wife, and that early Sunday morning the deceased, the defendant, and Frank Brown, a son of W. A. Brown, were together at Dave Williams's. The deceased had been drinking freely and these three went to a place in the woods where some whiskey had been concealed and poured a quantity of it from a jug into a fruit jar. They then went to the "still ford" where they stopped and drank some of the liquor. The deceased said he was "sick." The. defendant and Brown tried to induce him to go with them, and failing in their effort, they carried him about forty yards from the branch, laid him down, and left him.

There was other evidence tending to show that the defendant told one of the witnesses where he had last seen the deceased, and that the

body was found at this place on Monday morning about nine or ten o'clock, bruised and discolored. On the right side of the head there was a bruise which had probably been caused by a blunt instrument, and another above the eye; also a "longitudinal bruise" on the back, indicating that the deceased had been struck while lying down. His throat was swollen and his chest discolored; there were finger-prints on his throat—"two impressions with demarkation between them." A physician testified that he examined the deceased at eleven o'clock on Monday; that he had been dead "six to eight to ten hours," and that his death had been caused by choking or suffocation.

The defendant testified that he last saw the deceased on Sunday morning between seven and eight o'clock, but there were circumstances from which the jury might have inferred and no doubt did infer that the deceased was carried into the woods several hours later.

If the deceased had been dead from six to ten hours when the physician made his examination, the death occurred between midnight and five o'clock on Monday morning. In order to meet this theory the defendant introduced evidence of an alibi, he and his wife testifying that on Sunday afternoon they went to Neill Baker's and remained there all night. As to this circumstance their evidence was corroborated by that of Neill Baker.

In his charge to the jury his Honor did not refer to this contention or instruct the jury as to the law applicable to evidence of an alibi, and to this omission the defendant entered an exception. The question is whether, in the absence of a special request, his Honor's failure to instruct the jury upon this phase of the evidence constitutes reversible error.

The statute provides that the judge shall state in a plain and correct manner the evidence given in the case and declare and explain the law arising thereon. C. S., 564. When a judge, in compliance with this mandate, instructs the jury upon the essential features of a case he is not required to give additional instructions upon its subordinate features or to explain more fully a particular phase of the evidence unless there be a prayer for such instruction. Instances of the substantive and essential features of the case are given in *S. v. Thomas*, 184 N. C., 757; *Butler v. Mfg. Co.*, 182 N. C., 547, and *Real Estate Co. v. Moser*, 175 N. C., 259, and an instance of a subordinate feature in *S. v. O'Neal, ante*, 22.

The defendant's evidence of an alibi was substantive; it was vital; it was perhaps the chief defense on which he relied; and without tendering a special prayer he was entitled to an instruction as to the legal effect of his evidence if it should be accepted by the jury.

In our opinion his Honor properly refused the defendant's motion to dismiss the action as in case of nonsuit. Although the evidence was entirely circumstantial, the circumstances disclosed were of sufficient probative force to demand of the jury the final determination of the defendant's guilt or innocence.

For the error assigned there must be a

New trial.

STACY, J., concurs in the result reached by the majority that a new trial should be granted for failure of his Honor, at any time during his charge, to refer to the defendant's evidence tending to establish an alibi; and further, is of the opinion that the defendant's demurrer to the evidence and motion for dismissal or for judgment as of nonsuit, made under C. S., 4643, should have been allowed.

It is the accepted rule of law, at least in felonies and capital cases, that where the State relies for a conviction upon circumstantial evidence alone, the facts established or adduced on the hearing must be of such a nature and so related to each other as to point unerringly to the defendant's guilt and exclude every rational hypothesis of innocence. S. v. Brackville, 106 N. C., p. 710; S. v. Goodson, 107 N. C., 798; S. v. Wilcox, 132 N. C., p. 1139; 23 C. J., 49; 8 R. C. L., 225; Rippey v. Miller, 46 N. C., 479. Tested by this rule, to my mind, there is no sufficient evidence appearing on the record to warrant a conviction of the present defendant.