STATE v. GEORGE W. JOHNSON.

(Filed 5 June, 1947.)

**1. Rape § 27—**

Where, in a prosecution for assault with intent to commit rape, there is sufficient evidence to support at least a verdict of guilty of an assault upon a female, defendant's motion to dismiss under G. S., 15-173, is properly denied.

**2. Criminal Law § 53b, 53k, 78e (2)—**

An instruction defining the *quantum* of proof required of the State as "by the greater weight of the evidence" must be held for reversible error even though the inadvertence is in the statement of contentions and not brought to the trial court's attention at the time.

**3. Criminal Law § 53b—**

Where, in giving additional instructions in response to a juror's request, the court charges that the jury "must be satisfied" from the evidence rather than "satisfied beyond a reasonable doubt," the charge must be held for prejudicial error even though in other portions of the instructions the court had correctly stated the intensity of proof required of the State.

**4. Criminal Law § 81c (2)—**

Where the court in different portions of the charge gives correct and incorrect instructions as to the *quantum* of proof required of the State, the charge must be held for prejudicial error, since the jury may have acted upon that portion which was incorrect.

**5. Criminal Law § 77d—**

The Supreme Court is bound by the record as filed.

APPEAL by defendant from *Clement, J.,* at January Term, 1947, of FORSYTH.

Criminal prosecution upon indictment charging defendant with crime of assault upon a certain named female with felonious intent, by force and against her will, to ravish and carnally know.

Verdict: Guilty.

Judgment: Imprisonment pronounced.

*Attorney-General McMullan and Assistant Attorneys-General Bruton, Rhodes, and Moody for the State.*

*Phin Horton, J. Erle McMichael, and H. Bryce Parker for defendant, appellant.*

WINBORNE, J.   On this appeal defendant presses for error the refusal of the court to grant his motion for judgment as of nonsuit entered at close of State's evidence, and renewed at the close of all the evidence, pursuant to provisions of G. S., 15-173. These motions, being general, may not be sustained. Since the prosecution is upon an indictment charging an assault with intent to commit rape, which is a felony, G. S., 14-1, and G. S., 14-22, it is lawful for the jury to acquit of the felony and to find a verdict of guilty of an assault upon a female if the evidence warrants such a finding. G. S., 15-169. Therefore, there being sufficient evidence to support at least a verdict of guilty of an assault upon a female, the motion to dismiss under G. S., 15-173 was properly denied. See *S. v. Jones,* 222 N. C., 37, 21 S. E. (2d), 812. Compare *S. v. Gay,* 224 N. C., 141, 29 S. E. (2d), 458.

However, defendant's exceptions to portions of the charge of the court to the jury are well taken.

One exception has this setting, and is as follows: Opening the charge by saying that the bill of indictment charges defendant with an assault with intent to commit rape, and after enumerating various kinds of assaults, including that with which defendant is charged, and instructing the jury that the gravamen of an assault is an intentional attempt, by violence, to do injury to the person of another, the court continued as follows: "There has been evidence offered in this case by both the State

The rule of law as to the degree of proof, "greater weight of the evidence," as there set forth, is manifestly erroneous. Ordinarily a misstatement of contentions must be called to the attention of the court at the time, or else it will be deemed to be waived. But not so as to statements of a contention with respect to applicable law. See *S. v. Gause, ante,* 26, 40 S. E. (2d), 463, citing *McGill v. Lumberton,* 215 N. C., 752, 3 S. E. (2d), 324; *S. v. Calcutt,* 219 N. C., 545, 15 S. E. (2d), 9; *Stanley v. Hyman-Michaels Co.,* 222 N. C., 257, 22 S. E. (2d), 570.

Another exception to the charge has this setting: After the jury had retired and later returned to the courtroom, and asked and received further instruction, and again retired and later returned to the courtroom, and asked further instruction on one certain point, on which the jury was "tied up on," the court gave further instruction, concluding with the following: "The mere fact that he might try to persuade her to submit herself to him, wouldn't make him guilty of the offense. (Q) To make him guilty of an assault, you must be satisfied that he had made an intentional attempt to do violence to her. (R) Well, now, the other part of it, you haven't asked for my explanation. I think you understand that. (S) To be guilty of an assault with intent to commit rape, there must not only be an assault, but there must be an intent to have intercourse with her, against her will, by force, and in spite of all resistance that she might make." (T) The exceptions relate to the portions between the letters "Q" and "R" and "S" and "T." Here also the vice pointed out is the degree of proof, that the jury "must be satisfied," instead of according to the correct degree "satisfied beyond a reasonable doubt."

In this connection it is true that in other portions of the charge the correct rule is given. Nevertheless, where the court charges correctly in one part of the charge, and incorrectly in another, it will be held for error, since the jury may have acted upon that which is incorrect. This holding is in accordance with uniform decisions of this Court. *Templeton v. Kelley,* 217 N. C., 164, 7 S. E. (2d), 380, and numerous cases cited. See also *In re Will of West, ante,* 204, 41 S. E. (2d), 838.

In fine, it may be and doubtless is that the words "greater weight of evidence" instead of "beyond a reasonable doubt" and the word "satisfied" instead of "satisfied beyond a reasonable doubt" were slips of the tongue or errors in transcribing. Yet they appear in the record, and we must accept it as it comes to us. *S. v. Gause, supra.*

Since the case must go back for a new trial, it is deemed unnecessary to consider other assignments, and we do not pass upon them.

For errors shown, there will be a

New trial.