STATE v. ROSS ALLISON.

(Filed 12 January, 1962.)

**1. Criminal Law § 32—**

The burden of proving an alibi does not rest upon defendant, but evidence of an alibi is to be considered by the jury only in determining whether from all of the evidence the jury is satisfied of defendant's guilt beyond a reasonable doubt.

**2. Criminal Law § 106—**

An instruction placing the burden upon defendant to prove an alibi must be held for prejudicial error notwithstanding that in other portions of the charge the correct rule is given that defendant does not have the burden of proving an alibi but that evidence of an alibi should be considered by the jury in determining whether the jury is convinced of the fact of guilt beyond a reasonable doubt from all of the evidence in the case. It is also error to charge that evidence of an alibi be "consistent" with all the other evidence instead of "considered" with all the other evidence.

**3. Criminal Law § 151—**

The Supreme Court is bound by the record as certified.

APPEAL by defendant from *Williams, J.,* August Term 1961 of ORANGE.

Criminal prosecution upon an indictment charging the defendant

with the felony of an assault with intent to commit rape upon Clannies Strayhorn, a female. G.S. 14-22.

Plea: Not Guilty. Verdict: Guilty as charged.

From a judgment of imprisonment, defendant appeals.

*T. W. Bruton, Attorney General, and Harry W. McGalliard, Assistant Attorney General for the State.*

*Robert L. Satterfield and Lee W. Settle for defendant appellant.*

PARKER, J. The State's evidence is amply sufficient to carry the case to the jury on the charge in the indictment of an assault on Clannies Strayhorn, a female 78 years of age, with intent to commit rape, by Ross Allison, 52-year-old husband of her niece. Defendant makes no contention to the contrary.

The State's evidence tends to show that the criminal assault charged in the indictment was made by defendant on Clannies Strayhorn in her home after dark and after she had eaten supper on Sunday, 22 January 1961.

Defendant's defense is an alibi. His evidence tends to show that on Sunday, 22 January 1961, he was at the Naha Club from 3:00 o'clock P.M. to 6:00 o'clock P.M., that he left the Naha Club after 6:00 o'clock P.M. in a pickup truck driven by Jackson Tennin, and went to Daniel Corbett's home. He left Daniel Corbett's home, went to Clyde's home, stayed there a few minutes, and then returned to Daniel Corbett's home, where he and others watched television until about 7:45 P.M. o'clock. He then went to his home not far away, was in bed there at five minutes to 8:00 P.M. o'clock, and did not leave his home thereafter that night.

In respect to defendant's defense of an alibi, the court charged the jury as follows:

"I instruct you an alibi simply means that the defendant was at another place at the time the crime charged is alleged to have been committed, and therefore he could not have committed it. All the evidence bearing upon that should be carefully considered by you and if the evidence on this subject consistent with all that other testimony, is sufficient to raise a reasonable doubt as to the guilt of the accused, you should acquit him. The accused is not required to prove an alibi beyond a reasonable doubt, nor by the greater weight of the evidence, that is the preponderance. It is sufficient to justify an acquittal if the evidence on that point raises and supports a reasonable doubt of his presence at the time and place when the crime was charged to have been committed, if

you find a crime was committed. (You understand also an attempt to prove an alibi does not shift the burden of proof from the State to the defendant, the burden is still upon the defendant)."

Defendant assigns as error the last sentence, which is enclosed in parentheses.

The trial court's charge in this respect, with the exception of the last sentence, approximates a verbatim repetition of a charge in respect to an alibi approved by us in *S. v. Minton,* 234 N.C. 716, 68 S.E. 2d 844, as in accord with our precedents in *S. v. Bridgers,* 233 N.C. 577, 64 S.E. 2d 867, and *S. v. Jaynes,* 78 N.C. 504.

The last two sentences of the approved charge in the *Minton* case are:

"It is sufficient to justify an acquittal if the evidence upon that point raises a reasonable doubt of his presence at the time and place of the commission of the crime charged, if you should find that a crime was committed, and you will understand also that the attempt of the accused to prove an alibi does not shift the burden of proof to the defendant. The burden remains on the state to prove the defendant's guilt beyond a reasonable doubt."

This Court said in the *Minton* case: "An accused, who relies on an alibi, does not have the burden of proving it. It is incumbent upon the State to satisfy the jury beyond a reasonable doubt on the whole evidence that such accused is guilty."

We said as early as 1878 in *S. v. Jaynes, supra:* "The burden of proving an *alibi* did not rest upon the prisoner. The burden remained upon the State to satisfy the jury upon the whole evidence of the guilt of the prisoner."

In *S. v. Josey,* 64 N.C. 56, the defense was an alibi. " 'His Honor charged the jury that the burden of proof to show the guilt of the prisoner was upon the State, but that when the State had made out a *prima facie* case, and the prisoner attempted to set up an *alibi,* the burden of proof was shifted, and that if the defense failed to establish the *alibi* to the satisfaction of the jury, they must find the prisoner guilty.' " The charge was held erroneous, and a *venire de novo* was ordered.

Applying the doctrine of contextual interpretation, we have upheld inexact charges on an alibi in *S. v. Jaynes, supra; S. v. Starnes,* 94 N.C. 973; *S. v. Freeman,* 100 N.C., 429, 5 S.E. 921; *S. v. Rochelle,* 156 N.C. 641, 72 S.E. 481; *S. v. Sheffield,* 206 N.C. 374, 174 S.E. 105. However, in none of these cases, with the exception of the *Freeman* case, was the burden of proof of showing an alibi placed as unequivocally and as clearly upon the defendant, as in the instant case. In the *Sheffield* case,

the trial judge charged in part on an alibi: "The burden of proving an alibi, however, does not rest upon the prisoner." In all of these cases the Court expressly or substantially states that the burden of proving an alibi does not rest upon the defendant.

Whether the challenged part of the charge here is read contextually or not, this interpretation of it is imperative: the trial court placed upon the defendant the burden of proving his defense of an alibi. Such a charge is erroneous, according to all of our decisions on the subject.

In other parts of the charge the court placed the burden of proof upon the State to satisfy the jury beyond a reasonable doubt on the whole evidence that the defendant is guilty.

"The burden of proof being a substantial right, an erroneous placing of the burden of proof, or conflicting instructions thereon, . . . , is prejudicial." Strong's N. C. Index, Vol. I, Appeal and Error, p. 126, where many of our cases are cited. The Court said in *Templeton v. Kelley*, 217 N.C. 164, 7 S.E. 2d 380: "The members of the jury are not supposed to be able to determine when the judge states the law correctly and when incorrectly."

Here the jury was given conflicting instructions on the burden of proof, and the burden of proof of establishing an alibi was pinpointed as being upon the defendant. By no contextual reading of the charge can this manifest, prejudicial error be upheld, as cured by other parts of the charge. We have consistently held that conflicting instructions upon a material aspect of the case must be held for prejudicial error, since the jury may have acted upon the incorrect part of the charge, or to phrase it differently, since it cannot be known which instruction was followed by the jury. *S. v. Gurley*, 253 N.C. 55, 116 S.E. 2d 143; *S. v. Stroupe*, 238 N.C. 34, 76 S.E. 2d 313; *S. v. Johnson*, 227 N.C. 587, 42 S.E. 2d 685; *S. v. Isley*, 221 N.C. 213, 19 S.E. 2d 875; *S. v. Morgan*, 136 N.C. 628, 48 S.E. 670; Strong's N. C. Index, Vol. IV, Trial, p. 334.

Other assignments of error to the charge are not without merit, but need no discussion since they will probably not recur upon a new trial.

In justice to the learned and experienced trial judge, we deem it appropriate to say that it seems that the use of the words "the burden is still upon the defendant" in the challenged part of the charge, instead of the burden is still upon the State, is an error in taking and transcribing the charge, or is "one of those casualties which, now and then, befalls the most circumspect in the trial of causes on the circuit." *S. v. Simpson*, 233 N.C. 438, 442, 64 S.E. 2d 568, 571. However the mistake occurred, the error appears in the record, and we are bound by it as it comes to us. *S. v. Gause*, 227 N.C. 26, 40 S.E. 2d 463. Further, in the part of the charge quoted appear these words: "consistent

with all that other testimony." This is plain error. The words should be considered with all that other testimony. *S. v. Minton, supra.*

The exception and assignment of error to the charge is well taken, and a new trial is ordered.

New trial.