STATE v. CHARLES SPENCER AND JOHNNY SPENCER.

(Filed 7 March, 1962.)

**1. Criminal Law § 107—**

Where defendants offer evidence of an alibi, the recapitulation of defendants' evidence that they were at a place other than the place at which the offense was committed is not sufficient, but it is incumbent upon the court to instruct the jury as to the legal effect of their evidence as to an alibi, it being a substantive feature of the case. The correct form of an instruction on an alibi is set forth.

**2. Same—**

It is the duty of the court to charge the jury as to the law upon all

substantial features of the case arising upon the evidence without a special request.

WINBORNE, C.J., not sitting.

HIGGINS and RODMAN, JJ., dissent.

APPEAL by defendants from *Mintz, J.,* September Criminal Term 1961 of PENDER.

There was a separate, identical indictment against each defendant, charging each one with an assault with a deadly weapon, to-wit, a pistol, on Robert Beaty with intent to kill resulting in serious injury, a violation of G.S. 14-32. These indictments by consent were consolidated for trial.

Plea: Not Guilty by each defendant. Verdict: Guilty as charged as to each defendant.

From a judgment of imprisonment as to each defendant, each defendant appeals.

*Attorney General T. W. Bruton and Assistant Attorney General Ralph Moody for the State.*

*Aaron Goldberg for defendants, appellants.*

PARKER, J. The State's evidence tends to show that on the night of 5 February 1961 Robert Beaty, accompanied by four persons, drove his automobile to a place called the "Big Four" in Pender County, owned and operated by the defendants' father. He was having trouble with his automobile. While he and a mechanic were working on his automobile on the ground outside of the building called "Big Four", he was shot six times by the defendants, who were on the ground outside the building when they shot him. Charles Spencer was shooting with a rifle, and Johnny Spencer with a pistol.

Defendants offered the testimony of a number of witnesses, including themselves, to the effect that at all times during the shooting of Robert Beaty on the ground outside of the "Big Four" building, they were inside the building called "Big Four," and did not go outside until after all the shots which hit Robert Beaty had been fired, and that neither one of them shot Beaty.

Defendants state in their brief that the sole and chief defense on which they relied was an alibi.

As correctly stated in the State's brief filed by the Attorney General, the trial court recapitulated and stated all the evidence given by defendants and their witnesses showing they were inside the building called the "Big Four" at the time Beaty was shot outside the building, and gave the defendants' contentions in respect thereto. However, the

trial court did not instruct the jury as to the legal effect of their evidence as to an alibi, and defendants assign this as error. This assignment of error is good.

In *S. v. Melton,* 187 N.C. 481, 122 S.E. 17, the Court said: "The defendant's evidence of an alibi was substantive; it was vital; it was perhaps the chief defense on which he relied; and without tendering a special prayer he was entitled to an instruction as to the legal effect of his evidence if it should be accepted by the jury."

In *S. v. Sheffield,* 206 N.C. 374, 386, 174 S.E. 105, 111, it is said: "A defendant is entitled to instruction on alibi without special prayer. *S. v. Melton,* 187 N.C. 481; C.S. 564; *S. v. Steadman,* 200 N.C. 768 (769)."

In *S. v. Sutton,* 230 N.C. 244, 52 S.E. 2d 921, it is written: "Evidence of an alibi is substantive and the defendant was entitled to an instruction as to the legal effect of his evidence of alibi, if believed and accepted by the jury. *S. v. Melton,* 187 N.C. 481, 122 S.E. 17."

It is indubitable law in this jurisdiction that, "the court is required to charge the jury the law upon all substantial features of the case arising upon the evidence without a special request." *S. v. Faust,* 254 N.C. 101, 118 S.E. 2d 769.

*S. v. Ardrey,* 232 N.C. 721, 62 S.E. 2d 53, quotes with approval the following from *Spencer v. Brown,* 214 N.C. 114, 198 S.E. 630: "The failure of the court to instruct the jury on substantive features of the case arising on the evidence is prejudicial. This is true even though there is no request for special instruction to that effect."

Defendants were entitled to a charge on alibi substantially as follows: "An accused, who relies on an alibi, does not have the burden of proving it. It is incumbent upon the State to satisfy the jury beyond a reasonable doubt on the whole evidence that such accused is guilty. If the evidence of alibi, in connection with all the other testimony in the case, leaves the jury with a reasonable doubt of the guilt of the accused, the State fails to carry the burden of proof imposed upon it by law, and the accused is entitled to an acquittal." *S. v. Minton,* 234 N.C. 716, 68 S.E. 2d 844. See *S. v. Allison,* 256 N.C. 240, 123 S.E. 2d 465, as to charge on alibi.

The indictment against Charles Spencer alleges the deadly weapon used by him was a pistol. All the State's evidence is that it was a rifle. Defendant Charles Spencer on this appeal makes no reference to this variance between *allegata et probata.*

For prejudicial error in the charge defendants have a right to another jury, and a new trial. It is so ordered.

New trial.

WINBORNE, C.J., not sitting.

HIGGINS and RODMAN, JJ., dissent.