STATE v. JERRY WALSTON.

(Filed 1 May 1963.)

**1. Criminal Law § 106—**

It is prejudicial error for the court to place the burden upon defendant to prove an alibi.

**2. Criminal Law § 151—**

The Supreme Court is bound by the record as certified.

APPEAL by defendant from *Mallard, J.,* September Mixed Term 1962 of LEE.

Criminal prosecution on an indictment charging defendant with the commission of a crime against nature, a violation of G.S. 14-177.

Plea: Not Guilty. Verdict: Guilty as charged.

From a judgment of imprisonment, defendant appeals.

*Attorney General T. W. Bruton and Assistant Attorney General Harry W. McGalliard for the State.*

STATE *v.* TOOMES.

*H. M. Jackson and J. W. Hoyle for defendant appellant.*

PER CURIAM. The evidence for the State was amply sufficient to carry the case to the jury. Defendant concedes this in his brief.

Defendant in his behalf offered evidence tending to establish an alibi. Defendant assigns as error this part of the charge: "The burden of proving an alibi, however, does rest upon the defendant, the burden of proof being brought up to show his inability to have committed the crime with which he is charged; his part in the crime charged are affirmative material facts that he must show beyond a reasonable doubt to sustain a verdict."

The assignment of error is good. The burden of proof rests upon the State to establish beyond a reasonable doubt all elements of the offense charged, including the defendant's presence at the place of the crime, at the time of its commission, where that is essential to his guilt. In the instant case, the presence of the defendant at the place of the crime, at the time of its commission, is essential to his guilt. *S. v. Allison,* 256 N.C. 240, 123 S.E. 2d 465; *S. v. Minton,* 234 N.C. 716, 68 S.E 2d 844; *S. v. Bridgers,* 233 N.C. 577, 64 S.E. 2d 867; 22A C.J.S., Criminal Law, sec. 574, Alibi, p. 320. The Attorney General, with his usual fairness, concedes error in this challenged part of the charge.

In justice to the experienced trial judge, we deem it appropriate to say from reading the charge that it seems manifest that it has not been correctly transcribed, but if it has been, then the error appearing in the challenged part of the charge above set forth is "one of those casualties which, now and then, befalls the most circumspect in the trial of causes on the circuit." *S. v. Simpson,* 233 N.C. 438, 442, 64 S.E. 2d 568, 571. However that may be, the error appears in the record, and we are bound by it as it comes to us. *S. v. Gause,* 227 N.C. 26, 40 S.E. 2d 463. The exception and assignment of error to the charge are well taken, and a new trial is ordered.

New trial.