### STATE v. CHESTER GODWIN.

(Filed 27 November 1963.)

**1. Criminal Law § 106—**

> An instruction which, in effect, places the burden upon defendant to prove his defense of an alibi is prejudicial error.

**2. Criminal Law § 116—**

> The jury returned as a verdict "we decided he is guilty of an assault of this person," whereupon the court asked the jury if the court should understand that the jury found the defendant guilty of an assault with a deadly weapon inflicting serious injuries not resulting in death, as charged in the indictment. *Held:* It was prejudicial error for the trial court to intimate to the jury what their verdict should be.

APPEAL by defendant from *Burgwyn, E. J.,* August 1963 Session of JOHNSTON.

Criminal prosecution upon an indictment charging defendant with an assault with a deadly weapon upon Billy Ray Carter with intent to kill resulting in serious injury. G.S. 14-32.

Plea: Not guilty.

The record discloses the following in respect to the verdict:

> "Upon the coming in of the verdict, the Jury says: 'We decided that he is guilty of an Assault on this person.'
>
> "COURT: Do I understand that the Jury finds the Defendant guilty of an Assault with a Deadly weapon, inflicting serious injuries, not resulting in death, as charged in the Bill of Indictment? Do you mean to say that?
>
> "JUROR: Yes, sir.

"COURT: So say you all?

"JURY: Yes, sir, we agree.

"CLERK: Do you, the Jury, find the Defendant guilty of Assault with a Deadly Weapon with Intent to Kill, inflicting serious injuries not resulting in death? Jury: Yes.

"COURT: Guilty as charged in the Bill of Indictment?

"JURY: Yes."

Judgment: "Let the defendant be confined in the State prison for not less than seven nor more than ten years."

Defendant appeals.

*Attorney General T. W. Bruton and Deputy Attorney General Harry W. McGalliard for the State.*

*Levinson & Levinson and R. E. Batton by L. L. Levinson for defendant appellant.*

PER CURIAM. The State offered plenary evidence to carry the case to the jury on the offense charged in the indictment.

Defendant offered evidence tending to show an alibi. He assigns as error the court's charge on an alibi, which in effect placed the burden of proving an alibi on defendant. The assignment of error is good. *S. v. Allison,* 256 N.C. 240, 123 S.E. 2d 465; *S. v. Spencer,* 256 N.C. 487, 124 S.E. 2d 175; *S. v. Walston,* 259 N.C. 385, 130 S.E. 2d 636.

Defendant assigns as error the verdict as rendered, upon which the judgment is based, on the ground that the trial judge told them in effect what their verdict shall be. In *S. v. Gatlin,* 241 N.C. 175, 84 S.E. 2d 880, the Court quoted with approval from *Edwards v. Motor Co.,* 235 N.C. 269, 69 S.E. 2d 550, as follows: " 'Where the findings are indefinite or inconsistent, the presiding judge may give additional instructions and direct the jury to retire again and bring in a proper verdict, but he may not tell them what their verdict shall be'." The assignment of error is good. The Attorney General in his brief states:

"Certainly, it would have been proper for the judge to have reinstructed the jury at this time as to the proper possible verdicts and directed the jury to retire for further consideration. However, in inquiring of the jury as to whether the intended verdict was not that of being guilty of the most serious offense charged, the judge created a situation which the State has difficulty in distinguishing from that in *State v. Gatlin, supra,* in which case the Court ordered a new trial."

The verdict and judgment are vacated, and a new trial is ordered. New trial.