### STATE v. WILLIAM ED GAMMONS.

(Filed 19 December 1963.)

**1. Rape § 17—**

In order to be guilty of assault with intent to commit rape, defendant must have the intent at least at some time during the assault to gratify his passion on the person of the woman at all events, notwithstanding any resistance on her part.

**2. Criminal Law § 2—**

Intent is an attitude or emotion of the mind and is usually susceptible of proof only by circumstantial evidence.

**3. Rape § 18—**

Evidence that defendant assaulted prosecutrix and attempted to have sexual intercourse with her under the pretense that the act was a re-

ligious rite necessary to her cure, but that the defendant immediately desisted when she threatened to scream, *is held* insufficient to show that defendant had at any time during the assault intended to have intercourse with her at all events, notwithstanding any resistance on her part, and nonsuit of the charge of the felony should have been allowed.

**4. Rape § 6—**

In a prosecution of a defendant for assault with intent to commit rape, nonsuit of the felony does not entitle the defendant to his discharge, but the State may put defendant on trial under the same indictment for assault on a female, defendant being a male over the age of 18. G.S. 14-33, G.S. 15-169.

APPEAL by defendant from *Shaw, J.,* April 29, 1963, Regular Criminal Session (second week) of SURRY.

This is a criminal action.

Indictment: Assault with intent to commit rape. Plea: Not guilty. Verdict: Guilty as charged. Judgment: Imprisonment.

*Attorney General Bruton and Assistant Attorney General Bullock for the State.*
*Blalock & Swanson and C. Orville Light for defendant.*

MOORE, J.   At the close of the State's evidence and again at the conclusion of all the evidence, defendant moved for judgment of nonsuit as to the felony charged and that the case be submitted to the jury only as to the offense of assault on a female.

There was a prior appeal in this case at the Fall Term 1962. *State v. Gammons,* 258 N.C. 522, 128 S.E. 2d 860. At the trial from which that appeal arose, defendant failed to renew his motion for nonsuit at the close of all the evidence, and the appeal did not present the question of nonsuit. We now consider it for the first time.

Prosecutrix, a married woman and mother of two small children, is 25 years of age; defendant is 46. At the time of the alleged crime, 18 July 1961, they both resided at Bannertown in Surry County. Defendant was a minister of the Gospel and pastor of the "Faith and Gospel" Holiness Church. Prosecutrix had been attending this church for nine years.

The only account of the alleged occurrence is from prosecutrix. She testified: ". . . (T)he defendant . . . and his wife came to my home. . . . (I)t was . . . around 6 o'clock . . . P.M. . . . I talked to his wife. I talked with them in the car; they didn't get out . . . I was on the side that she was on. She did talk to me in the presence of the defendant. When she talked to me he did not make any statement . . . He heard everything she was saying. She said that the Lord had show-

ed Bill (defendant) that I had to come out to their house that night; that he had to pray for me and that it was real important. She wanted to know if I would come, and I told her yes . . . . I did go . . . . I drove my car. My two children went with me. . . . I think I arrived at his home somewhere around 8:00. . . . When I was there in the house with William Ed Gammons and his wife, they asked the children if they wanted to go to the store to get ice cream and they did, so they left . . . their two children and my two, and they had been gone a little bit and so Bill (defendant) said that we would have prayer while they were gone and so he told me which room to go in. He told me this bedroom to go in. . . . (Y)ou have to go down a flight of steps. . . . I went to this bedroom downstairs. I did not go with him, I went by myself. . . . (H)e came in the room and he shut the door, but I didn't think anything about it, and just as quick as he shut the door, he laid his hands on my head and started praying, and he prayed a few words and then he had both hands on my head and he just give a push and pushed me down on the bed and came right down on top of me, as quick as he done that, he said that the Lord had told him that he had to have sexual relations with me and said that I would be healed that way, and I said, 'No, I don't believe in no such mess as that.' Well, he already had his hand up my dress and was trying to get my underclothes down and I started crying and I said, 'No, I don't believe no such mess as that,' and he said, 'Well, you know that I wouldn't do that if the Lord hadn't told me to.' . . . (H)e got my underclothes down a little ways and then I felt his body touch mine, and I told him when he did that, I said, 'If you don't leave me alone, I'm going to scream,' and he said, 'You hush crying,' said, 'My wife will hear you,' and I said, 'I'm going to scream if you don't leave me alone,' and when I said that, he got up and left me alone. . . . I got up off the bed and I straightened my clothes up . . . I reached over for the door to try to get out, but the door was locked (thumblatched) and I was so nervous I never could get it unlocked and he turned around and unlocked it, but before he unlocked the door he said, 'If you tell anybody about this,' said, 'You know you will die.' Said, 'You know what a disobedient person gets'."

To convict a defendant on the charge of an assault with intent to commit rape the State must prove not only an assault but that defendant intended to gratify his passion on the person of the woman, and that he intended to do so, at all events, notwithstanding any resistance on her part. *State v. Burnette*, 242 N.C. 164, 172, 87 S.E. 2d 191. It is not necessary to complete the offense that the defendant retain the intent throughout the assault, but if he, at any time during

the assault, have an intent to gratify his passion upon the woman, notwithstanding any resistance on her part, the defendant would be guilty of the offense. *State v. Petry*, 226 N.C. 78, 81, 36 S.E. 2d 653. Intent is an attitude or emotion of the mind and is seldom, if ever, susceptible of proof by direct evidence, it must ordinarily be proven by circumstantial evidence, i.e., by facts and circumstances from which it may be inferred. *State v. Petry, supra; State v. Adams*, 214 N.C. 501, 199 S.E. 716.

Assuming the truth of prosecutrix's testimony, as we must on the motion to nonsuit, defendant assaulted prosecutrix and intended to gratify his passion upon her person, but the evidence fails to show, circumstantially or otherwise, that he intended at any time during the assault to have carnal knowledge of her, at all events, notwithstanding any resistance on her part. Defendant was in his own home and his wife was in another room within earshot of any outcry. He did not threaten to do her violence if she refused to yield. When she threatened to scream he immediately desisted. It is true that he thumblatched the door, but this seems more consistent with the intent to avoid interruption in case he engaged in the act than any intent to imprison or restrain prosecutrix. He, himself, released the lock. He attempted to persuade her to yield by pretention that the sex act was a religious rite necessary to her cure. But his conduct did not show any intention to overcome her resistance by force and have the intercourse at all events.

With respect to nonsuit for insufficiency of the evidence of the felonious intent, compare the instant case factually with the following: *State v. Moore*, 227 N.C. 326, 42 S.E. 2d 84; *State v. Gay*, 224 N.C. 141, 29 S.E. 2d 458; *State v. Hill*, 181 N.C. 558, 107 S.E. 140; *State v. Smith*, 136 N.C. 684, 49 S.E. 336; *State v. Jeffreys*, 117 N.C. 743, 23 S.E. 175; *State v. Massey*, 86 N.C. 658.

The court erred in denying defendant's motion to nonsuit the felony. However, the defendant is not entitled to discharge. The State may put him on trial on the charge of assault on a female, he being a male person over 18 years of age. G.S. 14-33. A new indictment is not necessary; he may be tried on this misdemeanor charge under the present bill. G.S. 15-169; *State v. Beam*, 255 N.C. 347, 121 S.E. 2d 558; *State v. Jones*, 222 N.C. 37, 21 S.E. 2d 812; *State v. Hill, supra.*

Defendant makes 42 assignments of error. Since they may not recur upon a retrial we do not discuss here the questions involved. We note that the Attorney General confesses error in the charge on alibi, and states "there are other assignments of error which appear to have merit." As to the law pertaining to alibi we call attention to *State v.*

*Walston*, 259 N.C. 385, 130 S.E. 2d 636; *State v. Allison*, 256 N.C. 240, 123 S.E. 2d 465.

New trial.