STATE v. BUCK JUNIOR GOODMAN.

(Filed 20 January, 1967.)

APPEAL by defendant from *May, Special Judge,* April 1966 Session of ROBESON.

Defendant was charged, in each of three bills of indictment, with the felony of armed robbery defined in G.S. 14-87. The three cases were consolidated for trial; and, in each case, the jury returned a verdict of guilty as charged. The three cases were consolidated for judgment; and one judgment, imposing a prison sentence of 15-20 years, was pronounced. Defendant excepted and appealed.

*Attorney General Bruton and Assistant Attorney General Bullock for the State.*

*F. D. Hackett for defendant appellant.*

PER CURIAM. There was plenary evidence to support the verdict.

The State's evidence tends to show: The robbery occurred at Usher's Service Station in St. Pauls, Robeson County, about 11:30 on the night of Tuesday, January 4, 1966. Defendant and a confederate, at pistol point, made the service station attendant and two bystanders line up against the wall and later lie down on the floor. The money in the cash register was taken and also the money and billfold of the attendant and of each bystander. In the course of the robbery, defendant said: "Let's kill them or take them with us." The other replied, "No, let's put them on the floor and go." A witness testified: "They then made us lie down and said not to get up for five minutes or they would kill us." Defendant was arrested on January 7, 1966.

Defendant did not testify. He offered evidence tending to show he went to his mother's home in Pembroke, N. C., about 6:30 p.m. on Tuesday, January 4, 1966, and did not leave that night.

Defendant's only assignment of error, based on his exception to the court's instruction relating to alibi, is without merit. The instruction given complies with all requirements set forth in *S. v. Spencer,* 256 N.C. 487, 124 S.E. 2d 175, the only case cited in defendant's brief. Decisions in which similar instructions have been approved are cited in *S. v. Allison,* 256 N.C. 240, 123 S.E. 2d 465. Indeed, the instruction appears to be in all respects quite favorable to defendant.

No error.