STATE OF NORTH CAROLINA v. GORDON ALONZO McCULLOUGH
No. 6910SC262

(Filed 18 June 1969)

**1. Constitutional Law § 32;     Criminal Law § 66—     lineup identification — representation by counsel who thought lineup related to different crime**

In this prosecution for armed robbery, in-court identification of defendant is not rendered incompetent by the fact that the attorney who represented defendant at a previous lineup identification by the witness thought that the purpose of the lineup was to identify defendant in connection with a charge of felonious breaking and entering rather than a charge of armed robbery.

**2. Criminal Law § 112—     instructions on alibi**

In this armed robbery prosecution, the court's instructions did not place the burden of proof of alibi upon the defendant.

APPEAL by defendant from *McKinnon, J.*, 1 January 1969 Regular Session, WAKE County Superior Court.

The defendant was charged in a proper bill of indictment with the felony of robbery by use of firearms, namely a pistol, whereby the life of Sherwood Gene Wallace (Wallace) was endangered and threatened.

The defendant was found to be an indigent, and counsel was appointed to represent him at trial. A plea of not guilty was entered. The State introduced evidence tending to show that Wallace was employed to operate the College View Sunoco filling station; at approximately 10:00 P.M., 26 August 1968, Wallace was in the process of closing the station for the night, when the defendant and a companion pushed the door open and came inside; the defendant, who had a gun in his hand, told Wallace that they would take everything, whereupon they took about $60.00 and a class ring from the cash box and a Timex watch which Wallace was wearing; Wallace last saw the defendant and his companion as "they went around the corner of the station and down the sidewalk." On direct examination Wallace identified the defendant as one of the two robbers. In addition to this in-court identification, Roger G. Perry (Perry) a State's witness, testified on direct examination:

"I had occasion to be in the vicinity of the College Sunoco station on or about the 26th day of August, 1968. . . . And on this date I had occasion to see (the defendant). When I saw (the defendant), I was in my car leaving the College Inn, . . . but I had to stop for two men . . . running in front of my

car and I had to stop before I could pull out on Western Boulevard. At this time it was approximately 10:07 p.m. . . . They weren't running, they were actually trotting and I stopped here for them and they hesitated to see if I was going to stop and then they ran on to the right and I pulled out. I had my headlights on bright or high beam at the time. . . . They were the length of the hood and two feet (from me), some eight feet. I saw one of those two people whom I saw running and he is in the courtroom today, and is Mr. McCullough, the defendant. I am positive that he is the one. Mr. McCullough was in front of my car headlights approximately thirty seconds."

Before the trial, the police had conducted a lineup, at which time Perry had identified the defendant as the person he had seen. In connection with the lineup, Perry testified at the trial that there were six men in the lineup and that all of them were Negro males of approximately the same height, namely, 5'10" to 6'1". He further testified: "They all looked very similar. They were all about the same age and they looked very similar. There was no doubt in my mind when I saw the defendant that he was the one."

Before the testimony of Perry, the trial judge conducted a *voir dire* examination concerning the validity of the lineup. At this time Ralph Johnson, a detective with the Raleigh Police Department, testified that he had gotten in touch with Perry and arranged for the lineup on the evening of 19 September 1968. Before Perry observed the lineup, Mr. Alton Kornegay, a member of the Wake County Bar, was present representing the defendant as his attorney. The lineup consisted of six male individuals. They were all of the approximate same age, same race and same height, within reasonable limitations. Mr. Kornegay, the attorney representing the defendant, approved the lineup, but before doing so, had the defendant change clothes with one of the others in the lineup. On the *voir dire* the defendant introduced the testimony of Mr. Kornegay. Mr. Kornegay testified that he was present when the lineup was conducted; that he had the defendant change his shirt with one of the other inmates used in the lineup; that he thought the lineup was for the purpose of identifying the defendant in connection with a charge of felonious breaking and entering, and that he did not know that the lineup was being conducted for the purpose of identifying the defendant in connection with the charge of armed robbery. He testified, however, that in his opinion, as an attorney, it did constitute a proper lineup as far as there being people of similar age and weight and similar size. He testified that if he had known that the lineup was in connection

with an armed robbery charge, rather than a charge of breaking and entering, he would have endeavored to have had more people in the lineup rather than the six that were in it. Mr. Kornegay at that time was privately employed by the defendant. The representation by Mr. Kornegay of the defendant subsequently terminated because the defendant did not have the financial resources to continue the employment. There was no disagreement, however, between the defendant and Mr. Kornegay.

After the *voir dire* examination the trial court found that there had been no showing of any unfairness amounting to a denial of any constitutional or legal right of the defendant.

*Attorney General Robert Morgan, Deputy Attorney General Harrison Lewis and Staff Attorney D. M. Jacobs for the State.*

*William T. McCuiston for defendant appellant.*

CAMPBELL, J.

[1] The defendant now asserts that the lineup identification by the witness Perry was invalid and that this invalidity made the in-court identification of the defendant likewise invalid. The defendant bases his claim of invalidity of the lineup identification on the fact that his attorney at that time, Mr. Kornegay, did not know that the purpose was to identify the defendant in connection with an armed robbery charge and actually thought that the purpose of the lineup was to identify the defendant in connection with a charge of breaking and entering. There is no merit in this position. In order to have a lawful lineup identification, a defendant is entitled to be represented by an attorney if he so desires. In the instant case, the defendant was represented by an attorney. The attorney stated that in his opinion the lineup was proper, fair and legal. The fact that the lineup was for the purpose of identifying the defendant in connection with a felonious armed robbery charge, rather than with a charge of felonious breaking and entering, would make no difference whatsoever in the validity of the lineup itself.

This assignment of error is without merit.

The defendant assigned as error the denial of the defendant's motion for judgment as of nonsuit at the close of all of the evidence. In his brief, however, the defendant states:

"The defendant at this time expressly abandons assignment of error No. 2."

**[2]**    The remaining assignment of error by the defendant was that the trial court committed error in the charge to the jury as to the defense of alibi. The defendant asserts that the trial judge failed to charge the jury that the defendant was not required to satisfy the jury as to the truth of his allegations of alibi beyond a reasonable doubt, and that the trial court erroneously placed the burden or proof of alibi upon the defendant.

The trial court actually charged the jury as follows:

"The defendant relies in part upon what is known in law as an alibi. The word 'alibi' means to be elsewhere. If he were elsewhere at the time of the commission of a crime, of course, he could not be guilty of the commission of such a crime. The defendant's evidence of alibi is evidence tending to deny or disprove one of the essential facts which the State must prove and that is the identity of the defendant as the person committing the violation of the law. (The defendant is not required to prove an alibi beyond a reasonable doubt or to the satisfaction of the jury. If the evidence of alibi together with the other evidence, alone or together with the other evidence, raises in the mind of the jury a reasonable doubt as to his identity as the person committing the alleged offense, then he is entitled to a verdict of not guilty)."

The defendant assigns as error the parenthetical portion.

This charge with regard to alibi is in conformity with the legal principles stated by the Supreme Court of North Carolina. The authorities are reviewed in *State v. Allison,* 256 N.C. 240, 123 S.E. 2d 465, and nothing would be gained by a further discussion here.

We think the charge as to alibi in the trial court did not place the burden of proof upon the defendant, and there was no prejudicial error in the charge when considered contextually.

The defendant had a fair and impartial trial, free of prejudicial error.

Affirmed.

MORRIS and PARKER, JJ., concur.