STATE OF NORTH CAROLINA v. FRANKLIN VANCE

No. 52

(Filed 18 November 1970)

1. **Criminal Law § 117— wife as interested witness — instructions**
   Instructions as to how the jury should consider the testimony of defendant's wife as an interested witness *held* without error.

2. **Criminal Law § 117— instructions on testimony of interested witnesses**
   Failure of the trial court to instruct the jury as to how they should consider the testimony of possibly interested State's witnesses was not prejudicial where defendant did not request such instruction on this subordinate feature of the trial.

3. **Criminal Law § 113— evidence of alibi — instructions**
   Defendant's evidence of alibi relates to a substantive feature of the case, and he is entitled to an instruction as to the legal effect of his evidence without the necessity of tendering a special prayer therefor.

4. **Criminal Law § 113— instructions on alibi — prejudicial error**
   A charge that referred to defendant's defense of alibi only in the statement of defendant's contentions and that failed to apply the law to the evidence of alibi, *held* reversible error.

5. **Rape § 6; Criminal Law § 120— instruction on guilty verdict with recommendation of mercy**
   Failure of the trial court in a rape prosecution to instruct the jury that a guilty verdict with recommendation of life imprisonment requires the court to pronounce a judgment of life imprisonment *held* erroneous. G.S. 14-17.

APPEAL by defendant from *Crissman, J.,* 11 May 1970 Criminal Session FORSYTH Superior Court.

Defendant was tried upon a bill of indictment charging him with the capital crime of rape of Janice L. Jones.

The State offered evidence of the prosecuting witness, Janice L. Jones, which tended to show that she was thirteen years old and lived in an apartment in Winston-Salem with her mother, two brothers, aged four years and fourteen months,

respectively, and a cousin aged four years. On the morning of 4 April 1970, at about 2:10 to 2:15 o'clock a.m., her mother left to pick up a friend at Reynolds Tobacco Company. Immediately thereafter, defendant came to the apartment and by force and against her will had sexual intercourse with her. He left the apartment at about 3:15 a.m. The State offered other witnesses to corroborate prosecuting witness.

Defendant offered testimony of several witnesses, including his wife, which tended to show that on the night of 3 April 1970 and the morning of 4 April 1970, defendant attended a party at the home of one Saluda Rennick. He remained there until approximately 1:45 a.m., and arrived at his home at approximately 2:15 a.m. His wife testified that he awakened her at about 2:15 and that he was still in bed when she left for work at 5:00 o'clock a.m.

The jury returned a verdict of guilty as charged in the bill of indictment. Defendant appealed from the sentence of death pronounced on the verdict.

*Attorney General Morgan and Staff Attorney Jacobs for the State.*

*Phin Horton, Jr., and Harold R. Wilson for defendant.*

BRANCH, Justice.

[1]  Defendant assigns as error the instructions of the trial judge concerning the defendant's wife's testimony as an interested witness. In this connection, the trial judge charged:

> "This defendant's wife testified in the case. The court charges you that she is an interested witness; that she is interested in the outcome of your verdict. And so the court charges you that you should scrutinize and look carefully into her testimony. But that if after you have looked carefully into and scrutinized her testimony, you believe she is telling the truth about the matter, then you would give the same weight and the same belief to her testimony that you would to that of any disinterested witness who may have testified."

[2]  This assignment of error is without merit. Similar charges have been approved in *State v. Barnhill,* 186 N.C. 446, 119 S.E. 894; *State v. Morgan,* 263 N.C. 400, 139 S.E. 2d 708; *State v. Faust,* 254 N.C. 101, 118 S.E. 2d 769. Neither was there preju-

dicial error in the trial court's failure to give a similar instruction as to possibly interested State's witnesses since defendant did not request such instruction on this subordinate feature of the trial. *State v. Sauls,* 190 N.C. 810, 130 S.E. 848.

Defendant assigns as error the failure of the trial judge to correctly instruct the jury on his defense of alibi.

[3] Defendant's evidence of alibi relates to a substantive feature of the case, so without tendering a special prayer he was entitled to an instruction as to the legal effect of his evidence, if it should be accepted by the jury. *State v. Melton,* 187 N.C. 481, 122 S.E. 17; *State v. Spencer,* 256 N.C. 487, 124 S.E. 2d 175.

[4] The sole reference to defendant's chief defense of alibi in the trial judge's instructions to the jury was the following:

> "Now the defendant, on the other hand, says and contends that he wasn't there at all; that there has been a mistake about this thing; that he was somewhere else. He pleads what is sometimes called in law an alibi, which has sometimes been interpreted to mean being somewhere else at the time so that it would have been impossible for him to have been the person or to have committed the crime that was charged. He says and contends that he has accounted to you here in the evidence for his whereabouts at the time that he is accused of having been in this house. He says that his activities were accounted for from about 11 o'clock that night and for the remainder of the night by different persons that saw him at different places and by his wife. So he says and contends, members of the jury, that you ought to return a verdict of not guilty."

In *State v. Spencer, supra,* the court's charge as to defendants' defense of alibi consisted of a statement to the effect that defendants contended they were not present when the crime was committed. This Court, holding the charge to be erroneous, stated:

> "Defendants were entitled to a charge on alibi substantially as follows: '*An accused, who relies on an alibi, does not have the burden of proving it.* It is incumbent upon the State to satisfy the jury beyond a reasonable doubt on the whole evidence that such accused is guilty. If the evidence of alibi, in connection with all the other

testimony in the case, leaves the jury with a reasonable doubt of the guilt of the accused, the State fails to carry the burden of proof imposed upon it by law, and the accused is entitled to an acquittal.' *S. v. Minton,* 234 N.C. 716, 68 S.E. 2d 844. See *S. v. Allison,* 256 N.C. 240, 123 S.E. 2d 465, as to charge on alibi." (Emphasis supplied.)

The State contends that the charge on the defense of alibi is adequate when the entire charge is contextually interpreted. True, in other portions of the charge the court, without relating the charge to the defense of alibi, placed the burden of proof upon the State to satisfy the jury beyond a reasonable doubt of defendant's guilt.

In no place in the charge was the jury told that defendant did not have the burden of proving the defense of alibi.

The doctrine of contextual interpretation of a charge has been applied in proving inexact charges on alibi (*State v. Sheffield,* 206 N.C. 374, 174 S.E. 105, *State v. Bridgers,* 233 N.C. 577, 64 S.E. 2d 867), but only in cases where the court "expressly or substantially states that the burden of proving an alibi does not rest on the defendant." *State v. Allison,* 256 N.C. 240, 123 S.E. 2d 465. Here, the trial judge, in effect, only stated defendant's contention that he was not present at the time the crime was committed, without applying the law to the defendant's contention in any manner.

Failure to adequately charge on defendant's defense of alibi resulted in prejudicial error. *State v. Spencer, supra; State v. Melton, supra; State v. Sutton,* 230 N.C. 244, 52 S.E. 2d 921.

[5] Although defendant did not raise the point, we think it proper to observe that the trial judge in this capital case failed to instruct the jury as to the legal effect of a verdict of guilty of rape with recommendation of life imprisonment, which *requires* the court to pronounce a judgment of life imprisonment. Failure to so instruct is error. G.S. 14-17; *State v. Carter,* 243 N.C. 106, 89 S.E. 2d 789; *State v. Cook,* 245 N.C. 610, 96 S.E. 2d 842.

Because of prejudicial error in the charge there must be a new trial.

New trial.