STATE OF NORTH CAROLINA v. FORNELL COX

No. 61

(Filed 4 January 1979)

**1. Criminal Law § 89.2 — corroborative evidence — limiting instructions — necessity for request**

Although the trial judge on three occasions gave limiting instructions when corroborative evidence was admitted, he was under no obligation to do so on other occasions absent a request for such instructions.

**2. Criminal Law § 50.2 — lay opinion testimony — harmless error**

In this prosecution for burglary and rape, the trial court erred in the admission of opinion testimony by the prosecutrix that her assailant took money and food stamps from her wallet; however, the admission of such testimony was harmless error in light of her further testimony that she did not actually see the assailant take such items and other evidence from which the jury could find that defendant did take the items.

**3. Criminal Law § 88.2 — cross-examination — repetitious or argumentative questions**

The trial court did not unduly restrict the cross-examination of a police officer when he refused to permit defense counsel to ask the officer repetitious or argumentative questions.

**4. Criminal Law § 113.5— instructions on alibi—sufficiency**

  The trial court's instruction that evidence of alibi was to be considered like any other evidence "tending to disprove the evidence of the State" did not imply that the burden was placed upon defendant to prove his defense of alibi, since the very nature and effect of the defense of alibi negates such an implication. Furthermore, although the court's charge on alibi did not contain a specific instruction that defendant did not have the burden of proving his defense of alibi, the charge was sufficient where a contextual reading thereof made it plain that, in order to convict, the jury had to be satisfied upon a consideration of *all* the evidence that the State proved defendant's guilt beyond a reasonable doubt.

  Justices BRITT and BROCK took no part in the consideration or decision of this case.

APPEAL by defendant from *Smith (David I.), S.J.,* at the 17 April 1978 Criminal Session of EDGECOMBE County Superior Court.

Defendant was charged in separate bills of indictment, proper in form, with first degree burglary and second degree rape. The indictments were consolidated for trial.

The State's evidence tended to show that in the early morning hours of 17 December 1977, the prosecuting witness, Garvie Marable, was awakened and found a man standing by her bed. The man started choking her, and Mrs. Marable began to scream. He threatened to kill her if she did not shut up and continued to choke her until she was too weak to resist. He then raped her. Mrs. Marable identified defendant as her assailant based upon her recognition of his voice and her observation at the time of the assault.

There was testimony which showed that the glass was broken out of the back door and the screen was ripped, indicating forcible entry. Mrs. Marable testified that money and food stamps, which had been in her pocketbook when she went to bed, were missing when the police came. Blood samples of the blood types of both the prosecuting witness and defendant were taken from the bed sheets. When defendant was arrested, blood and semen stains were found on his clothes, and some money and food stamps were found in his wallet.

Defendant offered alibi testimony in his own behalf but presented no other witnesses in his defense.

The jury returned verdicts of guilty on both charges, and defendant was given concurrent sentences of life imprisonment.

*Rufus L. Edmisten, Attorney General, by Leigh Emerson Koman, Assistant Attorney General, for the State.*

*H. Vinson Bridgers and Edward B. Simmons for defendant appellant.*

BRANCH, Justice.

The first assignment of error deals with the trial judge's failure to give limiting instructions concerning corroborative evidence. Defendant cites six separate occasions during the trial when testimony concerning prior consistent statements by the prosecuting witness was admitted over his objection. On three of these occasions, the trial judge, without request, instructed the jury that such evidence was admitted for the sole purpose of corroborating the testimony of the prosecuting witness if it, in fact, did so. Defendant concedes that on those occasions there was no error.

[1] On the other three occasions when corroborative evidence was admitted, no request was made for limiting instructions and no such instructions were given. It is well settled in this State that when a defendant does not specifically request an instruction restricting the purpose for which corroborative evidence is admitted, its admission is not assignable as error. *State v. Bryant,* 282 N.C. 92, 191 S.E. 2d 745 (1972), *cert. denied,* 410 U.S. 958; *cert. denied,* 410 U.S. 987. Despite the fact that the trial judge instructed on corroborative evidence on three occasions, he was under no obligation to so instruct on other occasions absent a request to do so.

This assignment of error is without merit.

[2] Defendant next contends that the trial judge erred in refusing to strike testimony of the prosecuting witness concerning property taken from her home. Mrs. Marable testified that her assailant "took money and food stamps and my wallet." Defendant objected and made a motion to strike which objection was overruled and motion denied. The statement objected to amounted to an opinion by this lay witness that her assailant took the items from her .pocketbook.

The practical test for receiving or rejecting the opinion of a lay witness is that when the jury can be put into a position of equal vantage with the witness to form an opinion, the witness may not ordinarily give opinion evidence. *Steele v. Coxe*, 225 N.C. 726, 36 S.E. 2d 288 (1945). Furthermore, testimony of a witness must ordinarily be confined to matters within his own knowledge and observation and may not include matters beyond his personal knowledge. *Robbins v. C. W. Myers Trading Post, Inc.*, 251 N.C. 663, 111 S.E. 2d 884 (1960). Application of these rules to the facts of instant case leads us to agree with defendant that the evidence was not competent. Prior to defendant's motion to strike, Mrs. Marable testified, "I did not see him take them, no." She subsequently testified on cross-examination:

> I don't know when the person that I saw in my bedroom took the things from my pocketbook. I didn't see it taken. It was in my pocketbook when I went to bed and was gone when the police came. But I didn't see anybody take anything.

This witness's clarifying testimony would tend to dispel any misapprehension which the jury might otherwise have had concerning what the witness actually saw. This evidence and other competent evidence presented by the State was sufficient to support the jury's finding that defendant took the missing items. Under these circumstances, we are unable to find prejudicial error in the trial judge's denial of defendant's motion to strike.

[3] Defendant contends that the trial judge erred in unduly restricting the cross-examination of police officer Horace Winstead. In North Carolina, the scope of cross-examination is left to the discretion of the trial judge and his ruling should not be disturbed unless prejudicial error is disclosed. *State v. Ross*, 275 N.C. 550, 169 S.E. 2d 875 (1969), *cert. denied*, 397 U.S. 1050. Furthermore, the trial judge may properly exclude testimony on cross-examination when it becomes merely repetitious or argumentative. *State v. Bumper*, 275 N.C. 670, 170 S.E. 2d 457 (1969); *State v. Maynard*, 247 N.C. 462, 101 S.E. 2d 340 (1958).

Several times during cross-examination of the witness Winstead, Judge Smith interrupted questioning by defendant's lawyer. The record indicates, however, that the questions were

repetitious or argumentative or both. Under these circumstances, we find no abuse of discretion in the trial judge's rulings or resulting prejudice that would warrant disturbing the verdicts in this case.

**[4]**  Defendant's most serious assignment of error is that the trial judge erred in his instructions to the jury on alibi.

In this connection, Judge Smith charged:

> The defendant has introduced evidence which tends to show that he was not at 1501 Springbrook Drive at any time during the morning hours of December 17, 1977. That he did not enter the dwelling house of Garvie F. Marable and that he did not in fact have forcible sexual intercourse with Garvie Marable and is not guilty of these charges.

> The defendant has offered evidence tending to show that he was elsewhere during the early morning hours of December 17, 1977. Evidence of alibi is to be considered like any other evidence tending to disprove the evidence of the State. If, upon consideration of all the evidence in the case, including the defendant's evidence of alibi, you have a reasonable doubt as to the defendant's guilt, you must find him not guilty.

We think it pertinent to here note that in the initial portion of the charge, the court also instructed as follows:

> The defendant has entered a plea of not guilty to both charges. The fact that he has been indicted is not evidence of guilt. Under our system of justice when a defendant pleads not guilty, he is not required to prove his innocence. He is presumed to be innocent. The State must prove to you that the defendant is guilty beyond a reasonable doubt.

In *State v. Hunt*, 283 N.C. 617, 197 S.E. 2d 513 (1973), Chief Justice Bobbitt stated the rules governing instructions on the defense of alibi, to wit:

> An alibi is simply a defendant's plea or assertion that at the time the crime charged was perpetrated he was at another place and therefore could not have committed the crime. *State v. Malpass*, 266 N.C. 753, 147 S.E. 2d 180 (1966); *State v. Green*, 268 N.C. 690, 151 S.E. 2d 606 (1966).

*Hereafter,* when a defendant offers evidence of alibi, he is entitled, *upon request,* to a charge substantially as follows: "An accused, who relies on an alibi, does not have the burden of proving it. It is incumbent upon the State to satisfy the jury beyond a reasonable doubt on the whole evidence that such accused is guilty. If the evidence of alibi, in connection with all the other testimony in the case, leaves the jury with a reasonable doubt of the guilt of the accused, the State fails to carry the burden of proof imposed upon it by law, and the accused is entitled to an acquittal." *State v. Minton,* 234 N.C. 716, 726-27, 68 S.E. 2d 844, 851 (1952); *State v. Spencer, supra,* at 489, 124 S.E. 2d at 177. When an instruction as to the legal effect of alibi evidence is given, whether by the court of its own motion or in response to request, such statement must be correct. . . .

Prior to the decision in *Hunt,* a defendant was entitled to an instruction on alibi without special request when the evidence supported that defense. *State v. Vance,* 277 N.C. 345, 177 S.E. 2d 389 (1970); *State v. Melton,* 187 N.C. 481, 122 S.E. 17 (1924). *Hunt* specifically overruled that well-embedded rule and held that thereafter a trial judge was not required to give an instruction on the defense of alibi absent a special request therefor.

Here there was no special request for an instruction on alibi, but since the trial judge, on his own motion, elected to give the instruction, we must determine whether it was so erroneous as to require a new trial. We conclude that it was not. At first glance, that portion of the charge stating that, "[e]vidence of alibi is to be considered like any other evidence *tending to disprove the evidence of the State,*" might be said to imply that the burden of proof was placed upon defendant to prove his defense of alibi. [Emphasis ours.] However, the very nature and effect of the defense of alibi negates such inference. The State has the burden of proving beyond a reasonable doubt that a crime was committed and that the accused was the person who committed the crime. The defense of alibi has nothing to do with the elements of a crime but merely contradicts the State's evidence that defendant committed the crime by averring that defendant was not present when the crime was committed. If such evidence, when taken with *all* the evidence, raises a reasonable doubt in the minds of the jury, it would result in a verdict of not guilty under a

reasonable doubt instruction. *State v. Hunt, supra; State v. Hess,* 9 Ariz. App. 29, 449 P. 2d 46 (1969); *State v. Reitz,* 83 N.C. 634 (1880); *State v. Josey,* 64 N.C. 56 (1870).

Although the charge on alibi does not contain, in so many words, an instruction that defendant did not have the burden of proving his defense of alibi, a contextual reading of the charge makes it plain that, in order to convict, the jury must be satisfied upon a consideration of *all* the evidence that the State has proven defendant's guilt beyond a reasonable doubt. Such charge is in substantial compliance with our case law.

Although we find that the charge before us is substantially correct, we again commend to all trial judges the instruction hereinabove quoted from *Hunt* which was also approved in *State v. Vance, supra,* and *State v. Spencer,* 256 N.C. 487, 124 S.E. 2d 175 (1962).

After careful examination of this entire record, we conclude that defendant has been afforded a fair trial free from prejudicial error.

No error.

Justices BRITT and BROCK took no part in the consideration or decision of this case.